IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TYRONE McMURRAY,           )
                           )
    Movant,                )
                           )
v.                         )    No. 3:12-cv-310
                           )
UNITED STATES OF AMERICA,  )    Judge Trauger
                           )
    Respondent.            )

## MEMORANDUM OPINION

Movant Tyrone McMurray, a federal prisoner presently housed at the Federal Correctional Institute in Marianna, Florida, brings this *pro se* action pursuant to 28 U.S.C. § 2255 to set aside, vacate and correct an allegedly illegal sentence imposed by this court on December 8, 2011. For the reasons set forth herein, the court finds that an evidentiary hearing is required to resolve the question of whether Mr. McMurray did or did not expressly direct his trial counsel to file a notice of appeal after entry of judgment in December 2011.

**I.     Procedural Background**

In December 2006, Mr. McMurray was indicted on a single-count indictment charging him with being a previously convicted felon in possession of a firearm in and affecting commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Case No. 3:06-cr-237, ECF No. 1.) Mr. McMurray was found guilty and convicted on that charge after a bench trial conducted on September 23, 2008. This court found at the sentencing hearing held on June 17, 2009 that Mr. McMurray qualified for sentencing under the Armed Career Criminal Act ("ACCA") based on three prior violent-felony convictions. McMurray received a sentence of 180 months (fifteen years) of imprisonment, the statutorily minimum under the ACCA. The Sixth Circuit reversed, finding that one of the prior felony convictions on which the ACCA sentence was based was not established to be a violent felony. After remand, at a hearing conducted on December 15, 2011, Mr. McMurray was sentenced to 100 months' imprisonment. The court notified Mr. McMurray of his right to appeal and that any notice of appeal must be filed within fourteen days of entry of judgment. (Case No. 3:06-cr-237, ECF No. 208-1, at 5 (Sent'g Tr. 4:25–5:20).)

Three months later, on March 14, 2012, Mr. McMurray filed a motion requesting that counsel be appointed for him for the purposes of filing an appeal. (Case No. 3:06-cr-237, ECF No. 210.) The court

denied that motion as moot in light of the fact that the time for filing a notice of appeal had long-since expired. Mr. McMurray filed his present motion under § 2255 shortly thereafter, on March 27, 2012.

## II.     The Current Motion

Mr. McMurray asserts a claim of ineffective assistance of counsel. Specifically, Mr. McMurray contends that his counsel was ineffective because, although Mr. McMurray specifically told his counsel that he wanted to appeal immediately after the amended judgment was entered in December 2011, his attorney failed to file a timely notice of appeal. (ECF No. 1.) Along with his motion, Mr. McMurray submitted a declaration, signed under penalty of perjury, attesting that he instructed his attorney that he wanted to file a notice of appeal. (ECF No. 2, at ¶ 3.)

Shortly after the motion was filed, the court conducted a preliminary examination thereof and determined that it stated a colorable claim for relief. The court entered an order (ECF No. 3) directing the government to answer, plead or otherwise respond to the petition. Rule 5, Rules Gov'g § 2255 Proceedings. The government has now filed its response along with an affidavit from Mr. McMurray's former counsel, David Cooper.

In his affidavit, Mr. Cooper states he had the opportunity to speak with his client immediately after the sentencing hearing on December 15, 2011, and that Mr. McMurray did not direct him to file a notice of appeal "or express even the slightest interest in wanting to appeal the sentence of 100 months." (ECF No. 13-1, at ¶ 7.) "In fact," according to Mr. Cooper, "Mr. McMurray was grateful that the district court had sentence him at the bottom of the advisory guideline range." (*Id.*) Mr. Cooper also states in his affidavit that he sent a letter to Mr. McMurray dated December 16, 2011 again advising him of his right to appeal. A copy of that letter is attached to the affidavit. Mr. Cooper further states that in January 2012, he spoke with Mr. McMurray by phone regarding Mr. McMurray's request for copies of portions of his criminal case file for purposes of trying to write a book while in prison. Mr. Cooper attests that Mr. McMurray did not at that time express interest in filing an appeal.

## III.    Discussion

As stated above, Mr. McMurray's sole claim is that his counsel was ineffective for failing to file a timely notice of appeal, despite Mr. McMurray's express directive that he do so. Mr. McMurray's § 2255 petition is subscribed as true "under penalty of perjury" and is dated and signed, and therefore has the same

effect as a sworn affidavit. 28 U.S.C. § 1746; *see United States v. Davis*, 28 F. App'x 502, 503 (6th Cir. 2002) ("Declarations made under penalty of perjury may be submitted in lieu of affidavits in federal court."). In addition, Mr. McMurray submitted a separate declaration likewise attesting, under penalty of perjury, that he directed his attorney to file a notice of appeal. Mr. Cooper, for his part, has submitted an affidavit stating under oath that he gave Mr. McMurray notice of his right to appeal, and was never requested by Mr. McMurray to file a notice of appeal. These competing statements are sufficient to create an issue of fact as to whether Mr. McMurray did in fact ask Mr. Cooper to file a notice of appeal on his behalf.

In its response memorandum, the government argues first that Mr. Cooper's performance was not deficient, as evidenced by the statement in his affidavit that Mr. McMurray never asked him to file a notice of appeal. The government also states, erroneously, that Mr. McMurray has not provided any evidence to the court that he requested that his attorney file a notice of appeal. The government further argues that because Mr. McMurray has not indicated what claims he might have raised on appeal, and because his bottom-of-the guidelines-range sentence would have been presumed reasonable on appeal, he cannot demonstrate that he was prejudiced by Mr. Cooper's failure to file a notice of appeal.

To make out an ineffective assistance of counsel claim, a petitioner generally must demonstrate both deficient performance by the attorney and prejudice resulting from the attorney's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, in the context of a failure to file a notice of appeal, the Sixth Circuit has held unequivocally, and repeatedly, that "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *see also Wright v. United States*, 320 F. App'x 421, 426 (6th Cir. 2009) ("Wright claims that he made an express request to his defense counsel to appeal his sentence, and that his counsel ignored this request. If true, this claim amounts to 'a *per se* violation of the Sixth Amendment.'"); *Carrion v. United States*, 107 F. App'x 545, 546–47 (6th Cir. 2004) (applying *Ludwig* and remanding for a hearing on the question of whether the movant had asked his attorney to file a notice of appeal). Because the failure to comply with a defendant's direct request to file a notice of appeal is a *per se* violation of the Sixth Amendment, prejudice is presumed. *See Ludwig*, 162 F.3d at 459 ("[A]pplication of the *Strickland* prejudice component is inappropriate because it means that the defendant never receives the benefit of a lawyer's services in constructing potential appellate arguments. Prejudice must be presumed." (internal quotation

marks and citation omitted)); *Carrion*, 107 F. App'x at 547 (noting that the district court had erred in finding that the movant's appeal waiver precluded him from pursuing an appeal because the "likelihood of success on appeal is not a factor in determining whether he received ineffective assistance of counsel").  The Supreme Court is in accord:  "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)).

A prisoner who files a motion under § 2255 challenging a federal conviction is generally entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255.  The hearing is mandatory "unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (quoting 28 U.S.C. § 2255(b)).  Because there is a disputed issue of fact as to whether Mr. McMurray did or did not direct his attorney to file a notice of appeal immediately following the sentencing hearing in December 2011, a hearing to resolve that factual dispute is required.  If Mr. McMurray is able to establish that his attorney disregarded his directive to file a notice of appeal, the remedy will be to grant the § 2255 motion in order to allow Mr. McMurray to take a delayed direct appeal. *Ludwig*, 162 F.3d at 459; *Carrion*, 107 F.  App'x at 547; *United States v. Leachman*, 309 F.3d 377, 380 n.4 (6th Cir. 2002).

**IV.    CONCLUSION**

Because an evidentiary hearing is required, Mr. McMurray is entitled to be represented by counsel at such a hearing.  Rule 8(c), Rules Gov'g § 2254 Cases.  An appropriate order will enter, setting this matter for a hearing and directing the appointment of counsel for Mr. McMurray.

An appropriate order will enter.

Aleta A. Trauger
United States District Judge