# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TYRONE MCMURRAY, | ) |
| Petitioner, | ) |
| v. | ) Civil No. 3:12-0310 |
| | ) Judge Trauger |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

In a Memorandum entered May 25, 2012, this court found that an evidentiary hearing was warranted in this action filed pursuant to 28 U.S.C. § 2255 in order to determine whether or not the defendant had requested that his counsel file a notice of appeal following his re-sentencing upon remand on December 8, 2011. (Docket No. 17) The court will not repeat herein the factual recitation and analysis contained within that Memorandum.

The evidentiary hearing was held on June 20, 2012, at which Mr. McMurray and his former counsel, David L. Cooper, testified. Based upon the contents of the testimony of the two witnesses, their demeanor on the stand, and this court's previous dealings with both witnesses, the court has arrived at certain additional factual findings. The court finds totally incredible Mr. McMurray's testimony that he told Mr. Cooper before the re-sentencing that, if he did not receive a three-level reduction for acceptance of responsibility, he wanted to appeal the re-sentencing. Mr. McMurray did not plead guilty; he was found guilty by the court in a bench trial held after the denial of his motion to suppress. Not only can this court envision no ground upon which this defendant would have been entitled to a reduction for accepting responsibility, but the

1

court finds credible Mr. Cooper's testimony that this issue was never even discussed by the defendant with Mr. Cooper. Moreover, the defendant admitted that there was no discussion whatever at the re-sentencing hearing about his entitlement to receive a reduction for accepting responsibility, nor was this subject raised in the sentencing memo filed by Mr. Cooper.

Next, the court finds that, at no time before or after the re-sentencing hearing, did Mr. McMurray tell Mr. Cooper to file a notice of appeal. This court informed Mr. McMurray, as it does all defendants at sentencing, that he had the right to appeal his sentence, that any appeal must be filed within fourteen days of the sentencing, that he may apply to appeal *in forma pauperis*, if appropriate, and that the Clerk will file his notice of appeal, if requested to do so. Mr. McMurray testified that he remembered being so informed at his re-sentencing hearing. The court further finds that, on December 16, 2011, Mr. Cooper mailed letters to both the prison facility at Mason, Tennessee and the FCI Marianna, Florida stating, in part:

> As Judge Trauger explained, you have ten days to file an appeal. Based on the reduced amount of the Judgment, there is no issue for an appeal. I believe my work in the case has now been completed. I wish you the best of luck in the future as you proceed with the completion of your sentence, and start the process of life after prison, and supervised release.

(Evidentiary hearing, Ex. 5) Apparently, because Mr. McMurray was in transit, he did not receive either of these letters. The court credits the testimony of Mr. Cooper that, although the defense had requested a sentence of 77 months at the re-sentencing, both Mr. Cooper and Mr. McMurray were exceptionally pleased with the 100-month sentence, which was the bottom of the new guideline range, in light of the request by both the government and the Probation Office that the defendant be sentenced to the top of the guideline range, 120 months. It is the court's memory as well that Mr. McMurray appeared pleased with the new sentence imposed. The court

further finds that, when Mr. McMurray spoke on the telephone with Mr. Cooper at some point in early January of 2012, there was no discussion about an appeal or whether or not a notice of appeal had been filed. The court credits Mr. Cooper's testimony that this telephone call related to Mr. McMurray's requesting a copy of his file so that he could write a book and that nothing was said about an appeal in this conversation.

Because Mr. Cooper conceded in his testimony that, given their satisfaction with the sentence (which was 80 months less than the original sentence and was the bottom of the applicable guideline range), he did not really discuss appealing the new sentence with Mr. McMurrary, a new legal issue presented itself at the evidentiary hearing. That issue was whether Mr. Cooper had an obligation to consult with Mr. McMurray about an appeal after the resentencing. Both parties agree that the relevant test is set out in *Roe v. Flores-Ortega* as follows:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

528 U.S. 470, 480 (2000).

Applying this test to the facts here, the court holds that (1) no rational defendant in Mr. McMurray's shoes would have wanted to appeal his re-sentencing, as there was no nonfrivolous ground for appeal; and (2) at no time did Mr. McMurray reasonably demonstrate to Mr. Cooper that he was interested in appealing his new sentence. Moreover, had Mr. McMurray discussed with Mr. Cooper that he wanted to appeal his sentence because he did not receive a three-level reduction for acceptance of responsibility, the court is of the opinion that Mr. Cooper would

have dissuaded Mr. McMurray from appealing on such a meritless ground.

For the reasons expressed herein and in the court's previous Memorandum (Docket No. 17), it is hereby **ORDERED** that the defendant's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

It is so **ORDERED**.

ENTER this 24th day of August 2012.

                                                                                     ALETA A. TRAUGER
                                                                                     U.S. District Judge